**The below described is SIGNED.**

Dated: November 13, 2012

/s/ J T Marker

**JOEL T. MARKER**
**U.S. Bankruptcy Judge**



___

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

## NORTHERN DIVISION

| | |
|---|---|
| In re:<br><br>LELAND STEWART STOTT and<br>TRINA SUE STOTT,<br><br>                    Debtors. | Bankruptcy Case No. 12-27726<br><br>Chapter 13 |
| LELAND STEWART STOTT and<br>TRINA SUE STOTT,<br><br>                    Plaintiffs,<br><br>v.<br><br>U.S. Bank, N.A.,<br><br>                    Defendant. | Adversary Proceeding No. 12-2315<br><br>Judge Joel T. Marker |

### MEMORANDUM DECISION

In describing the trial-and-error process of invention, Thomas Edison said that "[i]f I find 10,000 ways something won't work, I haven't failed. I am not discouraged, because every wrong attempt discarded is another step forward."[1] So it is in this adversary proceeding that

---

[1] In a colorful paraphrase of this aphorism, Nicolas Cage's character in the film *National Treasure* ponders the best way to temporarily steal the Declaration of Independence: "You know, Thomas Edison tried and failed nearly 2,000

1

Leland and Trina Stott, assisted by counsel who has made this issue something of a crusade, now try to immediately and permanently avoid a junior lien on their house in this chapter 13 case. Unfortunately, all they have offered are more arguments that won't work, and the requested relief will accordingly be denied. But rather than simply rejecting the Debtors' proposed default judgment, the Court finds it appropriate to issue this brief memorandum decision to explain its reasoning to the Debtors and their attorney as well as to aid the higher courts in the event of an appeal.

## I. FACTS

As with other adversary proceedings in which this issue has arisen, the facts are few and straightforward. The Debtors allege that the value of their house in Fruit Heights, Utah was $176,000 as of the petition date based on an April 30, 2012 appraisal, but they owed $185,241.87 to America's Servicing Company for the first mortgage. Accordingly, there is no equity to satisfy any portion of U.S. Bank's junior mortgage lien of at least $22,674.96. The Debtors do not contest that U.S. Bank loaned them the money, nor do they contest that U.S. Bank properly perfected its junior lien with the Davis County recorder's office. U.S. Bank was properly served with the summons and amended complaint but failed to answer or otherwise respond, and its procedural default was entered on October 29, 2012.

## II. DISCUSSION

The problem in this adversary proceeding isn't the facts. The problem isn't even the legal basis for the first cause of action to the extent that U.S. Bank's claim should be treated as a general unsecured claim **for purposes of this chapter 13 case** based on the Debtors' schedules, the documents supporting the amended complaint, and U.S. Bank's failure to respond. The

---

times to develop the carbonized cotton-thread filament for the incandescent light bulb. And when asked about it, he said 'I didn't fail; I found out 2,000 ways how not to make a light bulb,' but he only needed one way to make it work."

problem is the Debtors' failure to fully acknowledge the Tenth Circuit's recent decision in *In re Woolsey* and their creative but misguided slander of title argument in the second and third causes of action.

This adversary proceeding was commenced on August 10, 2012.  On September 4, the Tenth Circuit reluctantly but clearly ruled in *In re Woolsey* that § 506(d) can't be used to **void** an underwater junior mortgage lien under existing Supreme Court precedent; however, the Tenth Circuit also suggested the possible utility of § 1322(b)(2) as an alternative method to **strip off** or otherwise **remove** such a lien.[2]  The next day, the Debtors filed their amended complaint with the reference in ¶ 22 under the second cause of action changed from § 506(d) to § 1322(b) but with the same request that U.S. Bank's lien be declared void.  There is no other reference to § 1322(b)(2) in ¶ 8 under "Jurisdiction & Venue" or anywhere else.  In addition to the request for a declaration of voidness in the second cause of action, the Debtors double down in the third cause of action by claiming that the valuation of U.S. Bank's security interest equates to a slander of title under Utah law.  As such, the Debtors allege that the lien should be declared immediately and permanently void under Utah state law without regard to whether the chapter 13 case is completed or not.

First, the Debtors' single change from § 506(d) to § 1322(b)(2) in the second cause of action is insufficiently developed and doesn't change the fundamental nature of the relief being sought.  The Tenth Circuit in *Woolsey* contemplated the possible utility of § 1322(b)(2) for removing or stripping off (but not voiding) junior mortgage liens without deciding the issue, and the appellants — who were represented by the same counsel as the Debtors in this adversary proceeding — argued in their briefing that "there is no Code provision other than 11 U.S.C.

---

[2] *Woolsey v. Citibank, N.A. (In re Woolsey)*, --- F.3d ----, No. 11-4014, 2012 WL 3797696 (10th Cir. Sept. 4, 2012).

3

§ 506(d) that declares void a wholly unsecured lien."[3] So the statutory reference has been changed, but there has been no explanation as to why the relief should be the same. In the absence of further development of the argument by the Debtors, this Court agrees with and adopts both the statutory and policy reasoning of Judge Thurman in the *Woolsey* trial court decision regarding the interplay of §§ 506(a), 506(d), 1322(b)(2), and 1325(a)(5) — with the upshot that the treatment required for "allowed secured claims" under § 1325(a)(5) must be provided even for junior mortgage liens unsupported by any economic value.[4]

Second, the Debtors try to bootstrap their way into immediate and permanent lien avoidance in the third cause of action. The argument is essentially that the lack of economic value to support U.S. Bank's junior lien creates a slander of title under Utah law, which requires title to be quieted in the Debtors both immediately and permanently. There are several flaws in the Debtors' argument. To the extent that the Debtors are trying to incorporate the valuation of U.S. Bank's claim for purposes of this bankruptcy case into Utah state law, such a maneuver is inappropriate. And if it's truly just a pendent state law claim, the matter may be better resolved in the state court system. But either way, the Debtors' heavy reliance on *City Consumer Services, Inc. v. Peters*, 815 P.2d 234 (Utah 1991) is misplaced. *Peters* involved Utah's one-action rule and the issue of whether a junior creditor could sue on its note after a senior creditor had otherwise "wiped out" the junior creditor through foreclosure. The case had nothing to do with slander of title, and it involved a situation where the junior creditor's security was gone due to the senior creditor's foreclosure. In contrast, although U.S. Bank's lien may have no current

---

[3] *Id.* at *12.

[4] *In re Woolsey*, 438 B.R. 432, 435-37 (Bankr. D. Utah 2010); *see also In re Ballard*, 526 F.3d 634, 640-41 (10th Cir. 2008) (discussing meaning of "allowed secured claim" in § 1325(a)(5)). The amended complaint does include an objection to U.S. Bank's claim as its first cause of action, but this does not affect the reasoning that U.S. Bank still has an allowed claim that is "secured by a lien with recourse to the underlying collateral." *Id.* at 436. The Court also takes no position at this time as to whether debtors in no-discharge cases may strip off wholly unsecured liens upon completion of their plans or otherwise.

economic value, the collateral still exists.  And the Debtors are still part of an ongoing chapter 13 case, meaning that federal law governs the effects of conversion and dismissal and the definition and treatment of claims — which brings us full circle to the Tenth Circuit's decision in *Woolsey* that the same § 506(d) definition of "allowed secured claim" applies in both chapter 7 and 13 cases.  And finally, the Debtors have failed to adequately demonstrate the elements of slander of title under Utah law.[5]  The Debtors haven't cited and the Court hasn't found any case law or other support for the argument that an otherwise valid junior lienholder commits slander of title simply because its existing collateral is presently underwater.

The Court also finds as an independent basis for its decision that the relief requested in this adversary proceeding is contrary to ¶ 16.a. of the confirmation order entered on October 12. Although ¶ 12.(c) of the Debtors' plan filed on July 19 is roughly consistent with the amended complaint and proposed default judgment, ¶ 16.a. of the confirmation order — which was served on Debtors' counsel for review before it was entered and for review by both the Debtors and Debtors' counsel after it was entered, without objection — plainly provides in accordance with § 1325(a)(5)(B) for the retention of U.S. Bank's lien if the chapter 13 case is converted or dismissed and until the Debtors receive a discharge under § 1328.

### III. CONCLUSION

As the Tenth Circuit discussed in *Woolsey*, it makes perfect economic sense that debtors should be allowed to strip liens in reorganization cases.[6]  And this Court has consistently held that junior mortgage liens unsupported by actual economic value may ultimately be removed from the underlying real property in appropriate circumstances, but not immediately and forever

---

[5] *See, e.g.*, *First Sec. Bank of Utah, N.A. v. Banberry Crossing*, 780 P.2d 1253, 1256-57 (Utah 1989) ("To prove slander of title, a claimant must prove that (1) there was a publication of a slanderous statement disparaging claimant's title, (2) the statement was false, (3) the statement was made with malice, and (4) the statement caused actual or special damages.").

[6] *Woolsey*, 2012 WL 3797696 at *8-10.

5

without regard to either full payment or completion of the chapter 13 case. The Court is more than willing to give the Debtors all the relief to which they are entitled, but as it stands now they ask for too much. Accordingly, the Court will deny the requested relief without prejudice to the Debtors filing and prosecuting an appropriate amended complaint or a motion in the main case under Federal Rule of Bankruptcy Procedure 3012 by December 7, 2012; otherwise, this adversary proceeding will be dismissed. And either way, the Court will not enter any judgment or order unless it contains language consistent with § 1325(a)(5)(B). The Debtors' proposed default judgment will be separately denied.

---------------------------------------------END OF DOCUMENT---------------------------------------------

\_\_\_\_\_ooo0ooo\_\_\_\_\_
## SERVICE LIST

Service of the foregoing **MEMORANDUM DECISION** will be effected through the Bankruptcy Noticing Center to each party listed below.

Leland Stewart Stott
Trina Sue Stott
1544 Green Road
Fruit Heights, UT 84037
 *Plaintiffs*

David M. Cook
David M. Cook, P.C.
716 East 4500 South, Suite N240
Salt Lake City, UT 84107
 *Counsel for Plaintiffs*

U.S. Bank, N.A.
P.O. Box 5229
Cincinnati, OH 45201-5229

U.S. Bank, N.A.
Attn: Richard K. Davis, President
800 Nicollet Mall
Minneapolis, MN 55402